**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

UNITED STATES OF AMERICA

CASE NO: 14-20174

v.

DISTRICT JUDGE THOMAS L. LUDINGTON

JOHN MELVIN TRAVER, JR.
                               /

MAGISTRATE JUDGE PATRICIA T. MORRIS

**ORDER DENYING EMERGENCY MOTION**
(Doc. 13)

Due to the nature of this emergency motion, and the fact that the requested travel is for tomorrow, this motion is being determined on the pleadings without the benefit of oral argument. Despite the time constraints, the government has filed a response in opposition. (Doc. 17).

On March 31, 2014, Defendant was charged in an indictment with domestic assault by a habitual offender under 18 U.S.C. §§ 117 and 1151. (Doc. 3.) After a detention hearing, an Order of Detention Pending Trial was entered. (Doc. 9.) Defendant is currently incarcerated based on that Order and a jury trial is currently scheduled for July 22, 2014. (Doc. 11.)

Today, Thursday, May 1, 2014, Defendant filed the instant emergency motion to attend the funeral service of his father which is scheduled for tomorrow, Friday, May 2, 2014, in Grand Rapids, Michigan. (Doc. 13, ¶ 4.) According to the motion, Defendant's father passed away on April 28, 2014, and counsel received the funeral arrangements on April 29, 2014. (*Id.* at ¶ 3.) Defendant requests that he be released

1

to his mother, Barbara Dayson, from 9:00 a.m. until 6:00 p.m.. (*Id.* at ¶ 6.)  The motion also states that "counsel spoke to the United States Marshal Service on April 29, 2014, to inquire as to whether or not a 'transport' would be possible at the expense of Defendant's family" but that the "USMS indicated that because the funeral will be held in the Western District of Michigan special permission would be required and with the late notice, time constraints would not allow for this to occur." (*Id.* at ¶ 7.)  The government "was unable to stipulate to the within request, however he is not in opposition." (*Id.* at ¶ 9.)  This same day, United States District Judge Thomas L. Ludington, referred the instant motion to the undersigned magistrate judge. (Doc. 15.)

> According to the Order of detention pending trial:
>
> Defendant's criminal history begins at age 10.  His adult criminal history includes at least 19 convictions, including at least 6 drug related convictions, 2 domestic violence convictions, a breaking and entering conviction, 2 assault and battery convictions, a resisting and obstructing conviction, a stolen property conviction and a conviction for driving in violation of a court order - 10th offense.  At least 9 of these convictions occurred while the Defendant was on probation, and/or involved violations of probation.  The Defendant previously had 7411 status revoked, and has been convicted of absconding and failure to report violations.

(Doc. 9 at 4.)  Based on the above findings, the Court concluded that "there are no conditions which could reasonably assure either the safety of the community or Defendant's appearance..." (*Id.*)  These same reasons weigh against Defendant with respect to his current request for unsupervised release to attend his father's funeral.

Courts possess the authority, any time prior to sentencing, to grant a furlough or release to attend certain functions, such as a funeral of a family member.  After sentencing, temporary release is within the exclusive province of the Bureau of Prisons ("BOP"). *See, United States v. Greer*, No.03-CR-194, 2010 WL 3279335, at *1

(E.D. Wisc. Aug. 19, 2010).  There are no codified standards for the Court to consider. However, I am guided by the standards used by the BOP which provide that the BOP "may release" a prisoner "if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him..." 18 U.S.C. § 3622.

Although I find the public interest and human sympathy would both support Defendant's release to attend his father's funeral, I do not find reasonable cause to believe Defendant would honor the trust placed in him if he were to be released on his own recognizance with his mother as requested.  Defendant's fairly lengthy criminal history includes "at least 9" "convictions [which] occurred while the Defendant was on probation, and/or involved violations of probation." (Doc. 9 at 4.)  The fact that this high number of offenses occurred while under some court supervision suggests that Defendant would be even less inclined to follow the Court's instructions if he were to be sent forth on his own without supervision.  Even more troubling is the fact that Defendant has been convicted of absconding (*Id.*), revealing that he has taken the opportunity to flee at least once when previously released on his own recognizance. For these reasons, I find that Defendant's unsupervised release would pose too great a risk of danger and flight for the request to be granted.  The Court also consulted with the supervising Pretrial Services officer regarding this request, and she is opposed to the Defendant being released for unsupervised travel.

It is regrettable that Defendant's family did not take steps to determine if secure transportation could be arranged prior to setting a date for the funeral.  However, the risks that Defendant poses if released are too great to be taken without the mitigation

3

that supervision would provide.  With less than 24 hours notice, it is impossible to have the Defendant transported to Court for the necessary hearing to set a bond or other type of temporary release for the travel.

    For all the reasons stated above, Defendant's emergency motion is hereby **DENIED.**  *See*, *United States v. Route*, No.CR-11-90-RMP, 2012 WL 3578664, at *1 (E.D. Wash. Aug. 17, 2012)(denying motion for reconsideration of order denying defendant's request to attend his father's funeral where there was "insufficient information" to "reasonably assure that Defendant would be supervisable during [the] furlough").

Date:  May 1, 2014                                      */S Patricia T. Morris*
                                                            Patricia T. Morris
                                                             United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, and served on counsel of record through the Court's CM/ECF system.  A copy of this Order was also served on Pretrial Services and the U.S. Marshals Service by other electronic means.

Dated:  May 1, 2014                                   s/*Jean L. Broucek*
                                                             Case Manager to Magistrate Judge Morris